# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GERALD LEATO, | ) | |
| | ) | No. 14 CV 454 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| THOMAS DART, Sheriff of Cook County, *et al.*, | ) ) ) | |
| | ) | March 9, 2016 |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

In January 2014 Cook County Jail detainee Gerald Leato sued Cook County and several of its employees under 42 U.S.C. § 1983, alleging that the defendants had been deliberately indifferent to his medical needs in treating a knee injury he sustained after falling from the top level of a bunk bed. Before the court is Leato's motion for leave to file his Second Amended Complaint pursuant to Federal Rules of Civil Procedure 15(a) and 15(c) to add new claims and to voluntarily dismiss Defendants J.A. Martinez, Ronald Ledvora, M.D., and Dr. Khan without prejudice. For the following reasons, the motion is granted to the extent that Leato seeks to add Count VII[1] against Defendants Dr. Salim Dawalibi and Cook County and to dismiss certain defendants. However, the motion is denied to the extent that Leato seeks to add Dr. Yan K. Yu as a new defendant:

---

[1] Although there are only four other counts, Leato has labeled the proposed negligence count as Count VII. For purposes of this motion and to avoid confusion, the court will refer to the new negligence count as Count VII.

**Background**

On January 21, 2014, Leato filed a complaint against various Cook County Department of Corrections personnel alleging violations of the Civil Rights Act, 42 U.S.C. § 1983. (R. 1.) On August 11, 2014, Leato amended his complaint, adding Sheriff Thomas Dart and John Doe Numbers 1-10 as new defendants and adding two new counts against Cook County and Sheriff Dart for violations of the Americans with Disabilities Act and the Rehabilitation Act of 1973. (R. 26.) On December 18, 2015, the day that fact discovery closed in this case, Leato filed the current motion seeking to file his Second Amended Complaint. (R. 82.)

**Analysis**

In support of his motion to amend, Leato argues that significant factual developments that have arisen since he filed the amended complaint create good cause for the proposed amendment. He also argues that Dr. Yu will not be prejudiced by his belated addition to the suit and that the new claims for medical battery and negligence arise out of the same facts and circumstances on which the three counts of the amended complaint are based. (R. 82, Pl. Mot. ¶ 3.) Cook County opposes the motion, arguing that the addition of Dr. Yu is time-barred and unduly prejudicial and that the claims of battery and negligence are barred by the Illinois Tort Immunity Act ("TIA"), 745 ILCS 10/6-101, *et seq*. (R. 85, Defs.' Resp. ¶¶ 14, 15, 24.)

Under Rule 15(a)(2) a court should freely grant leave to amend a complaint when justice so requires. Leato seeks to add Dr. Yu as a defendant in this action,

alleging deliberate indifference to Leato's serious medical needs. (R. 82, Pl.'s Mot. at 18.) Because this proposed addition would fall outside the applicable two-year Illinois statute of limitations for a § 1983 action, 735 ILCS 5/13-202; *Dixon v. Chrans,* 986 F.2d 201, 203 (7th Cir. 1993); *Manney v. Monroe*, 151 F. Supp. 2d 976, 994 (N.D. Ill. 2001), the court must determine whether the amendment meets the relation-back requirements of Rule 15(c).

An amendment relates back to the date of the original complaint when it asserts a claim that arose out of the same facts and circumstances as the original claim. Fed. R. Civ. P. 15(a)(1)(B). Rule 15(c) allows the "relation back of amendments changing or adding parties so long as no prejudice will ensue." *Manney*, 151 F. Supp. 2d at 994; *see Woods v. Ind. U.-Purdue U.*, 996 F.2d 880, 884 (7th Cir. 1993). More specifically, the added defendant must: (1) have received notice of the claims within the period provided by Rule 4(m) for serving the summons and complaint; and (2) have known, or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Fed. R. Civ. P. 15(c); *see Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 545 (2010). If a newly-added defendant was already aware that he would have been named in the original complaint but for a mistake, then it is fair to conclude that he had a real opportunity to begin a defense even though he was not originally named in the lawsuit. *See Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1044 (N.D. Ill. 2000). "Amendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already

3

before the court and the effect is merely to correct the name under which he is sued." *Hill v. Shelander*, 924 F.2d 1370, 1376 (7th Cir. 1991) (citing *Wood v. Worachek*, 618 F.2d 1225 (7th Cir. 1980)). Relation back is not permitted, however, in cases where there is merely a lack of knowledge on the plaintiff's part with respect to the involvement of the new party. *Manney*, 151 F. Supp. 2d at 996 (citation omitted).

Here Dr. Yu was not on notice that an action would be brought against him because both the original and amended complaints named Dr. Khan as the physician who examined Leato's knee on August 13, 2013. (R. 1, Compl. at 5; R. 26, Am. Compl. ¶ 35.) Dr. Yu has never been named in this suit and had no reason to be aware of the complaint until he was deposed in connection with this case on August 24, 2015, more than a year after the filing of the complaint. (R. 85, Ex. E. at 1.) Thus, the proposed amendment does not correct the name of a defendant who was already on notice, but seeks to add a new party who did not have reason to know that an action would have been brought against him but for a mistake in identity. Because Leato seeks not to correct a misnomer but to add Dr. Yu as an entirely new party in his amended complaint, the relation-back doctrine of Rule 15(c) does not apply to the claims against Dr. Yu.

Additionally, in seeking to add Dr. Yu as a defendant, Leato invokes the discovery rule, maintaining that he did not discover the nature and extent of his injury until receiving an MRI on May 19, 2014. (R. 87, Pl.'s Reply at 5-6.) He argues that under the discovery rule, the statute of limitations for the medical

4

battery claim did not begin to run until May 19, 2014. However, the statute of limitations begins to run "when a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused[.]" *Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864, 868 (Ill. 1981). Three days after the knee examination conducted by Dr. Yu, Leato filed a grievance on August 16, 2013, complaining about the treatment he had received. (R. 82-1, Proposed Second Am. Compl. at 25.) Leato also stated in his deposition that just after his knee was examined by "Dr. Khan" on August 13, 2013, he experienced greater pain than when he had originally hurt his leg. (R. 85-1, Ex. A, Pl.'s Dep. Tr. at 53-55.) Leato added that "[w]hatever he did, he messed my leg up pretty good." (Id. at 55.) These assertions amount to admissions that Leato knew on August 13, 2013, both that an injury had occurred and that it was wrongfully caused. The medical battery claim against Dr. Yu is therefore time-barred even under the discovery rule.

The court now turns to Leato's new negligence claim against Defendants Dr. Dawalibi and Cook County ("Defendants"). (R. 82, Proposed Second Am. Compl. at 21.) Defendants argue that they are immune from negligence claims under the TIA and, therefore, an amendment to add this claim would be futile. (R. 85, Defs.' Resp. at 12.) Rule 15(a) provides that leave to amend shall be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave to amend should be denied only "if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citation omitted). An amendment is futile "when it fails to state a valid theory of liability or could not withstand a motion to dismiss." *Shapo*

5

*v. Engle*, No. 98 CV 7909, 2000 WL 876994, at *2 (N.D. Ill. July 3, 2000) (citing *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992)). An amendment to add a claim should be refused only if it appears certain that the claim cannot be maintained. *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 520 (7th Cir. 2015).

The court finds that Leato must be permitted to bring his new negligence claim. First, immunity under the TIA is an affirmative defense for which Defendants bear the burden of proof. *Lipsey v. United States,* No. 12 CV 2100, 2013 WL 757652, at *5 (C.D. Ill. Jan. 2, 2013) (citation omitted). Leato may state a claim even though there is a defense to that claim and "[t]he mere presence of a potential affirmative defense does not render the claim of relief invalid." *Id.* (citing *Brownmark Films v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)). Second, immunity does not apply when the public employee, acting within the scope of his employment, "knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care." 745 ILCS 10/4-105. Whether the alleged conduct was willful and wanton under Section 4-105 "is usually a question of fact" and "rarely should be ruled upon as a matter of law." *Cobige v. City of Chi.*, No. 06 CV 3807, 2009 WL 2413798, at *12 (N.D. Ill. Aug. 6, 2009). Furthermore, courts have found that the failure to provide medical care upon request may rise to the level of willful and wanton conduct. *Torres v. City of Chi.*, 123 F. Supp. 2d 1130, 1133 (N.D. Ill 2000). Accordingly, Defendants' potential affirmative defense does not render Leato's proposed claim invalid.

Defendants also rely on Section 6-105 of the TIA to oppose the new negligence claim. This section provides in relevant part that:

> [n]either a local public entity nor a public employee acting within the scope of his employment is liable for injury caused by the failure to make a physical or mental examination, or to make an adequate physical or mental examination of any person for the purpose of determining whether such person has a disease or physical or mental condition that would constitute a hazard to the health or safety of himself or others.

745 ILCS 10/6-105. But this section specifically addresses claims of failure to examine, not failure to treat. *See Alvarez v. Riesche*, No. 98 CV 552, 1999 WL 519383, at *10 (N.D. Ill. July 12, 1999). Because it is not clear that this section of the TIA would render the proposed claim futile, the court allows Leato to add the new claim.

## Conclusion

For the foregoing reasons, Leato's motion to file his Second Amended Complaint is granted in part and denied in part. Leato is granted leave to file his Second Amended Complaint to add a negligence claim against Defendants Cook County and Dr. Dawalibi.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**